1  ERIN M. BOSMAN (BAR NO. 204987)
   EBosman@mofo.com
2  JULIE Y. PARK (BAR NO. 259929)
   JuliePark@mofo.com
3  MORRISON & FOERSTER LLP
   12531 High Bluff Drive
4  San Diego, California 92130-2040
   Telephone: 858.720.5100
5  Facsimile: 858.720.5125

6  Attorneys for Defendant
   MICROPORT ORTHOPEDICS, INC.
7

8
           UNITED STATES DISTRICT COURT
9
           CENTRAL DISTRICT OF CALIFORNIA
10

11 | JOSEPH LAUGHLIN, | Case No. 2:17-cv-09005
12 |        Plaintiff, | **MICROPORT ORTHOPEDICS, INC.'S NOTICE OF REMOVAL**
13 |    v. |
14 | MICROPORT ORTHOPEDICS, INC.; and DOES 1-10, inclusive, |
15 |        Defendants. |

1   PLEASE TAKE NOTICE that Defendant MicroPort Orthopedics, Inc.
2   ("MicroPort") hereby removes this case from the Superior Court of the State of
3   California for the County of Los Angeles to the United States District Court for the
4   Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

5   **I.   INTRODUCTION**
6   On May 11, 2017, this action was commenced in the Superior Court of the
7   State of California for the County of Los Angeles and is entitled "Joseph
8   Laughlin v. MicroPort Orthopedics, Inc., and Does 1-10, inclusive," Case
9   No. BC658352. The Complaint asserts six causes of action. MicroPort is currently
10  the only defendant properly joined and served in the case. A true and correct copy
11  of Plaintiff Joseph Laughlin's ("Plaintiff's") Complaint is attached hereto as
12  Exhibit A.

13  **II.  TIMELINESS OF REMOVAL**
14  MicroPort was served with the Complaint on November 16, 2017. This
15  notice of removal is therefore timely under 28 U.S.C. § 1446(b). *See Murphy*
16  *Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

17  **III. VENUE OF REMOVED ACTION**
18  Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a)
19  because this Court is the United States District Court for the district and division
20  embracing the place wherein the removed action was pending.

21  **IV.  BASIS FOR REMOVAL – DIVERSITY JURISDICTION**
22  This action is removable under 28 U.S.C. § 1441(a) because this Court would
23  have had original diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.
24  § 1332(a) had Plaintiff elected to file the action initially in federal court.

25  **A.   Complete Diversity**
26  MicroPort and Plaintiff are citizens of different states. Plaintiff states that he
27  resides in the County of Los Angeles, State of California. (Ex. A, Compl. ¶ 1.)
28  Plaintiff is therefore a citizen of California. MicroPort is a Delaware corporation

1  with its principal place of business in Arlington, Tennessee.  Therefore, MicroPort
2  is a citizen of Delaware and Tennessee.  *See* 28 U.S.C. § 1332(c)(1).  Because
3  MicroPort and Plaintiff are citizens of different states, there is complete diversity in
4  this matter, satisfying the requirement in 28 U.S.C. § 1332(a).

### B.     Amount in Controversy Exceeds $75,000

6  Where, as here, "the complaint does not demand a dollar amount, the
7  removing defendant bears the burden of proving by a preponderance of evidence
8  that the amount in controversy exceeds" the jurisdictional limits of the Court.
9  *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (internal quotation
10 marks omitted).  California law does not permit plaintiffs to plead the amount of
11 damages in cases for personal injury actions seeking actual or punitive damages.
12 Cal. Civ. Proc. Code § 425.10(b).  However, pursuant to 28 U.S.C.
13 § 1446(c)(2)(A), MicroPort asserts that the amount in controversy exceeds $75,000
14 and therefore meets the jurisdictional requirements of this Court.

15 The face of the Complaint shows, by a preponderance of evidence, that the
16 amount in controversy exceeds $75,000.  In Plaintiff's Prayer for Relief, Plaintiff
17 seeks past and future economic damages, past and future noneconomic damages,
18 costs of suit, prejudgment interest, and "all other relief as this Court deems just and
19 proper."  (Ex. A, Compl. at page 9.)  Specifically, Plaintiff alleges that he "suffered
20 from post-operative knee pain and swelling due to an infection" after his knee
21 replacement surgery on March 28, 2014, and "continued to seek treatment and
22 advice from medical professionals following the surgery which resulted in a second
23 procedure to remove the components of the knee replacement."  (*Id.* ¶ 6.)  The
24 Complaint states that Plaintiff underwent a total knee revision on October 16, 2015,
25 and an additional surgery on February 22, 2016 to replace one of the knee
26 replacement components.  (*Id.* ¶¶ 6-7.)  Plaintiff alleges that he underwent an
27 additional surgery on March 25, 2016, "during which Plaintiff's right leg had to be
28 amputated above the knee."  (*Id.* ¶ 8.)  Plaintiff has allegedly "suffered severe and

irreparable bodily injury," and "suffered and will continue to suffer great pain of body and mind, embarrassment, humiliation, permanent impairment, loss of enjoyment of life and has otherwise suffered past and future economic and noneconomic damages." (*Id.* ¶¶ 12, 15, 18, 23, 27, 32.)

Such damages more likely than not exceed the jurisdictional limits of this Court. The "severe and irreparable bodily injury" are similar to injuries that other courts have found to satisfy the jurisdictional requirements. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (damages for recovery in tort action exceeded $75,000 where face of complaint showed damages for "property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and [plaintiff's] temporary inability to do housework after the hospitalization"). In addition, Plaintiff claims "past and future economic and noneconomic damages." (Ex. A, Compl. ¶¶ 12, 15, 18, 23, 27, 32.) The amount in controversy more likely than not exceeds $75,000 and satisfies the jurisdictional requirements of this Court.

### V. CONSENT AND JOINDER

To date, MicroPort remains the only defendant properly joined and served in the case. Therefore, consent and joinder are not required for removal.

### VI. NOTICE

Pursuant to 28 U.S.C. § 1446(d), MicroPort is today serving this Notice of Removal on Plaintiff and is filing a copy of this Notice with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

### VII. STATE COURT PAPERS

In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a copy of the pleadings and papers served on MicroPort in the state court litigation: Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, Summons, Complaint, Third Amended General Order – Final Status Conference, Personal Injury ("PI") Courts, and Sixth

1  Amended General Order re Personal Injury Court ("PI") Court Procedures, Central
2  District. On information and belief, no other pleadings or papers have been served
3  upon MicroPort in this case. Attached hereto as Exhibit B is a copy of the Answer
4  filed by MicroPort in the state court litigation.

### VIII. CONCLUSION

WHEREFORE, MicroPort hereby removes this case from the Superior Court of the State of California for the County of Los Angeles to this Court.

Dated: December 15, 2017        MORRISON & FOERSTER LLP

                                By:   /s/ Erin M. Bosman
                                      Erin M. Bosman
                                      Julie Y. Park

                                      Attorneys for Defendant
                                      MICROPORT ORTHOPEDICS, INC.